IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUZ MORALES<br>   *Plaintiff*,<br><br>v.<br><br>FAMILY DOLLAR STORES OF<br>TEXAS, LLC, FAMILY DOLLAR INC.,<br>and DOLLAR TREE, INC.<br>   *Defendants*. | § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-02589<br>JURY TRIAL DEMANDED |

### DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, and Local Rule 81, Defendant Family Dollar Stores of Texas, LLC, hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.   THE REMOVED CASE

1. The removed case is a civil action filed with the 80th Judicial District Court in Harris County, Texas, on or about March 8, 2022, styled *Luz Morales v. Family Dollar Stores of Texas, LLC, Family Dollar Inc., and Dollar Tree, Inc.*; Cause No. 2022-14080 (the "State Court Action"). The case arises from an alleged injury sustained by Plaintiff,

Luz Morales, on or about March 16, 2020 while shopping at Defendant's store located at 12671 Bissonnet Street, Houston, Harris County, Texas.

### B. DOCUMENTS FROM REMOVED ACTION

2. Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), Defendant attaches the following documents to this Notice of Removal as Exhibit "A":

  i. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

  ii. The docket sheet;

  iii. Index of matters being filed; and

  iv. A list of all counsel of record, including addresses, telephone numbers and parties presented.

### C. REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Houston Division of the Southern District Court of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

4. Defendant, Family Dollar Stores of Texas, LLC, received notice of the suit on March 15, 2022 but neither Family Dollar Stores of Texas, LLC nor other Defendants have been served with process. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as *Exhibit "A"* and incorporated herein for all purposes.

6. Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 80th Judicial District Court of Harris County, Texas, where the action is currently pending.

### D. VENUE IS PROPER

7. The United States District Court for the Southern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 80th Judicial District Court in Harris County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

### E. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

9. As admitted in her Petition, Plaintiff is an individual who resides in Harris County, Texas."[1]

10. Defendant Family Dollar Stores of Texas, LLC is a foreign Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia. Family Dollar Stores of Texas, LLC is a citizen of the Commonwealth of Virginia and its principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. As a Limited Liability Company, Family Dollar Stores of Texas, LLC is comprised of individual members and one managing member entity – Family Dollar Stores of Ohio, Inc., which has a 100% interest in Family Dollar Stores of Texas, LLC. The business address for all of the individual members and the managing member entity of Family Dollar Stores of Texas, LLC is 500 Volvo Parkway, City of Chesapeake, in the Commonwealth of Virginia.

11. All of the individual members of Family Dollar Stores of Texas, LLC, which includes Beth Berman, Sandra L. Boscia, Linde Carley, Jonathan Elder, Bradley Hunter, Michael Matacunas, Deborah Miller, William A. Old, Jr., Gary Philbin, Robert L. Rogers, Thomas E. Schoenheit, Shawnta Totten-Medley and Kevin Wampler, are all

---

[1] Pl. First Amended Petition at 1.

citizens of the Commonwealth of Virginia. The identity and titles of the individual members of Family Dollar Stores of Texas, LLC are as follows:

- Beth Berman Vice President/Deputy General Counsel / Assistant Secretary
- Sandra L. Boscia Assistant Secretary
- Linde Carley Assistant Secretary
- Jonathan Elder Vice President – Tax
- Bradley Hunter Vice President – Finance
- Michael Matacunas Chief Administrative Officer
- Deborah Miller Vice President
- William A. Old, Jr. Senior Vice President / General Counsel / Secretary
- Gary Philbin President / Chief Operating Officer
- Robert L. Rogers Senior Vice President / Real Estate
- Thomas E. Schoenheit Vice President / Assistant General Counsel / Assistant Secretary
- Shawnta Totten-Medley Vice President / Assistant Secretary
- Kevin Wampler Executive Vice President / Chief Financial Officer

12. Family Dollar Stores of Ohio, Inc., the sole managing member of Family Dollar Stores of Texas, LLC, is a foreign corporation organized and formed under the laws of the Commonwealth of Virginia and its principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia.

13. Defendant Family Dollar, Inc. is a foreign corporation organized and existing under the laws of the State of North Carolina.

14. Defendant Dollar Tree, Inc. is a foreign corporation organized and existing under the laws of the Commonwealth of Virginia.

15. Because Plaintiff is a resident of the State of Texas and Defendants are not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## F.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16. Plaintiff alleges in her Amended Petition that she seeks monetary remedies of "**$74,999 *or the just and reasonable amount awarded by a jury***."[2] Plaintiff also seeks to recover damages against Defendants for: (a) past and future medical expenses; (b) past and future physical pain and suffering; (c) loss of earnings in the past and loss of earning capacity in the future; (d) past and future physical impairment; (e) past and future physical disfigurement; (f) past and future mental anguish; and (g) exemplary damages.[3]

17. Plaintiff further impermissibly pleads that the amount in controversy does not exceed $75,000. Despite Plaintiff's contention that the amount in controversy is $74,999, viewing the Petition in its totality demonstrates that the damages Plaintiff seeks are more than likely in excess of $75,000. Further, Plaintiff's damage-limiting statement was made in bad faith as it goes beyond the permissible pleading requirements of Texas Rule of Civil Procedure Rule 47(c). As such, the only conclusion that can be reached is that the Plaintiff's damages-limiting statement in the Petition is included for the sole purpose of evading this Court's jurisdiction.

---

[2] Pl. Amended Petition at 3.
[3] *Id.* at 6-7.

18. District courts interpreting Rule 47 have continued to hold that plaintiffs may not plead unliquidated damages in a specific amount.[4] When determining the amount in controversy, federal courts consult the state court petition. The sum claimed by the plaintiff controls if the claim is apparently made in good faith.[5] However, Plaintiff's specific damages statement should not be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad faith."[6] Texas Rule of Civil Procedure 47(c) requires plaintiffs to plead a specific range of damages, by asserting one of the five (5) available statements expressly set forth therein. The Rule requires a plaintiff to state that she seeks: (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs; (2) monetary relief of $250,000 of less and non-monetary relief; (3) monetary relief over $250,000 but not more than $1,000,000; (4) monetary relief over $1,000,000; or (5) only non-monetary relief.[7] Plaintiff, however, took an unnecessary step further and added "the amount in controversy" to avoid removal to federal court. Texas law has never

---

[4] *See, e.g., A &C Disc. Pharmacy, L.L.C. v. Caremark, L.L.C.,* Civ. A. No. 3:16–CV–0264–D, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016)("[B]ecause Rule 47 'requires plaintiffs to state their damage requests in the form of... prescribed, broad ranges, that provision effectively preclude[s] plaintiffs from requesting specific damage amounts.'(citation omitted)); *Chavez v. State Farm Lloyds,* Civ. A. No. 7:15–CV–487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("[W]hile it is true that [Rule 47] was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000." (citing Tex. R. Civ. P. 47)).
[5] *See Bourne v. Wal-Mart Stores, Inc.,* 582 F. Supp. 828, 838 (E.D. Tex. 2008).
[6] *Garcia v. Kellogg USA, Inc.,* No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar,* 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc.* (Ohio), No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014); *Espinoza v. Allstate Texas Lloyds,* 222 F. Supp.3d 529, 536 (W.D. Tex. 2016).
[7] *See,* Tex. R. Civ. Pro. 47(c).

permitted a plaintiff to plead that he or she seeks damages of "$74,999 or the just and reasonable amount awarded by a jury."[8]

19. The Plaintiff is well aware that her damages exceed $75,000 and is simply trying to avoid federal court. For example, *Wilson v. Hibu* is instructive on this issue.[9] In that case, the court stated that Rule 47 does not provide plaintiff with "a means to avoid federal jurisdiction" by pleading that her damages were only $75,000 or less.[10] In denying the plaintiff's motion for remand, the court determined that plaintiff's allegations regarding the amount of monetary relief in the petition could not serve as a basis for remand.[11]

20. Thus, there is no justifiable reason for Plaintiff to plead damages in manner that she did in the Petition and in violation of Rule 47, unless she is purposefully trying to evade federal jurisdiction. Because Plaintiff's damages-limiting statement was made in bad faith, it does not control the Court's analysis.[12]

21. Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of

---

[8] *Chavez v. State Farm Lloyds*, Civ. A. No. 7:15–CV–487, 2016 WL 641634, at *2.
[9] *Wilson v. Hibu*, Civ. A. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013).
[10] *Id.*
[11] *Id.*
[12] *See Chavez*, 2016 WL 641634, at *2 (holding that plaintiff's statement that her damages were "less than $75,000.00" were impermissible under Texas law, did not control the court's analysis of the amount in controversy, and was made in bad faith); *Ford v. United Parcel Serv., Inc. (Ohio)*, Civ. A. No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (same).

the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

### G. FILING OF REMOVAL PAPERS

22. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the 80th Judicial District Court of Harris County Texas, in which this action was originally commenced.

### H. CONCLUSION

23. Defendant, Family Dollar Stores of Texas, LLC, hereby removes the above-captioned action from the 80th Judicial District Court Harris County Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / Fax 713.487.2019

By: *Raul I. Saenz*
      Kevin P. Riley
      *Attorney-in-Charge*
      State Bar No. 16929100
      Southern Bar No. 13766
      E-Mail: kriley@mayerllp.com
      Raul I. Saenz
      State Bar No. 24093092
      Southern Bar No. 2924208
      E-Mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of August 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| David K. Mestemaker | ☒ E-MAIL/E-SERVICE |
| Norman Straub | ☐ ECM |
| Jonathan Zumwalt | ☐ HAND DELIVERY |
| MESTEMAKER & STRAUB | ☐ FACSIMILE |
| 3100 Timmons Lane, Suite 455 | ☐ OVERNIGHT MAIL |
| Houston, Texas 77027 | ☐ REGULAR, FIRST CLASS MAIL |
| contact@mandsattorneys.com | ☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

**ATTORNEYS FOR PLAINTIFF**

      *Raul I. Saenz*
      Raul I. Saenz