# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUZ MORALES | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC, FAMILY DOLLAR INC., | § | |
| and DOLLAR TREE, INC. | § | |
|     *Defendants.* | § | |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## INDEX OF MATTERS BEING FILED

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC ("Family Dollar"), files this

Index of Matters Being Filed pursuant to Local Rule 81 of the Southern District of Texas,

as follows:

Exhibit 1:    All State Court Pleadings:

- Plaintiff's Original Petition filed March 8, 2022
- Plaintiff's First Amended Petition filed March 16, 2022
- Defendant Family Dollar's Original Answer to Plaintiff's First Amended Petition filed August 1, 2022
- Defendant Family Dollar's Jury Demand filed August 1, 2022

Exhibit 2:    State Court Docket Sheet

Exhibit 3:    List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(State Court Pleadings)*

3/8/2022 1:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62402722
By: Cynthia Clausell-McGowan
Filed: 3/8/2022 1:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LUZ MORALES, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT COURT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **LUZ MORALES,** ("Plaintiff" "**MORALES**") and files this original petition against Defendant, **FAMILY DOLLAR STORES OF TEXAS, LLC,** ("Defendant", "**FAMILY DOLLAR**") and would show the Court the following:

### I.
### Discovery Control Plan Level

Plaintiff intends that discovery be conducted under Discovery Level III and requests the Court enter a discovery control order.

### II.
### Parties and Service

**1. Plaintiff:**

Plaintiff, **MORALES**, is a resident of Harris County, Texas.

**2. Defendant:**

**1.** Defendant, **FAMILY DOLLAR,** is a foreign corporation with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant **FAMILY DOLLAR** registered agent for service of process through which **FAMILY DOLLAR** may

be served is *CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever Defendant's agent may be found.*

### III.
### Jurisdiction and Venue

The subject matter in controversy is within the jurisdictional limits of this Court.

Venue in Harris County is proper in this cause under §15.002(a)(l) of the Tex. Civ. Prac. Rem. Code because all or a substantial part of the events or omissions, including the incident in question giving rise to this lawsuit, occurred in Harris County, Texas.

### IV.
### Request for Substitution of True Name Pursuant to Rule 28

To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Tex.R.Civ.P., and Plaintiff hereby demands upon answering this suit, that Defendant answer in their correct legal and assumed names.

### V.
### Texas Rules of Civil Procedure, Rule 47

Plaintiff seeks monetary remedies of $74,999 or the just and reasonable amount awarded by a jury.

### VI.
### Texas Rules of Civil Procedure, Rule 193.7

Pursuant to Rule 193.7 of the Tex.R.Civ.P., Plaintiff gives notice to Defendant and other Parties that all documents produced by Defendant will be used at any pretrial proceeding or at the trial of this case.

### VII.
### Facts and Allegations

On or about **March 16th, 2020**, Plaintiff, **MORALES** was an invitee on the premises owned, operated, managed, occupied, or otherwise under the control of Defendant **FAMILY DOLLAR.**

At all times relevant to Plaintiff's claims and causes of action herein, Defendant, was the owner, manager, general partner, corporation, partnership, lessee, occupier, possessor, franchisee, or otherwise the entity or person in possession, control, contractual, or de facto, of the subject premises.   At the time of the incident made the basis of this lawsuit, Plaintiff was an invitee on Defendant's premises. As a proximate result of the negligence of Defendant, both under the legal theories of premises liability and/or negligence, Plaintiff was injured and suffered damages as more specifically stated herein.

## VIII.

## Causes of Action

Plaintiff incorporates and adopts by reference the factual allegations above for all causes of actions and claims for damages set forth in this petition.

Whenever it is alleged herein that Defendant committed acts or omissions, it includes the acts and/or omissions of the agents, servants, sub-contractors, contractors, and/or employees supervised, controlled, or directed by Defendant.

- **Premises Liability**

On the day of March 16th, 2020, or there about, Plaintiff **MORALES** was a customer at Defendant **FAMILY DOLLAR** store located at 12671 Bissonnet St., Houston Texas 77099. More specifically, Plaintiff was shopping at Defendant's store. While shopping at the store, Plaintiff slipped and fell on a slippery substance on Defendant's floor. Defendant

knew of the substance on Defendant's floor but failed to properly warn and/or prevent Plaintiff's injuries. As a result of the substance on the floor, Plaintiff suffered severe injuries when she slipped and fell.

Defendant was aware and on notice of the existence and location of the dangerous substance in Defendants' store, which constituted a hazardous condition or dangerous condition to Plaintiff and other invitees or customers, or which Defendants created or of which Defendants were aware for a sufficient period of time to have eliminated it, warned of it, or placed barricades around the area, but failed to do so or take any other actions to protect the public or Plaintiff.  Plaintiff, an invitee, slipped and fell on the substance as a proximate or producing result of the above omissions or actions of Defendants and suffered the complained of injuries and damages.

- **Negligence**

Defendant had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting the property for any dangerous conditions and by making safe any latent defects. Defendant breached this duty by failing to keep the area safe for invitees like Plaintiff and others.  Further, Defendant failed to provide sufficient warning of a hazardous or otherwise dangerous condition when Defendant was aware of such a condition. As a proximate result of Defendant's breaches and negligence, Plaintiff suffered damages.

### IX.

### Negligence of Defendant Under the Doctrine of *Respondeat Superior*

Plaintiff's Original Petition

Defendant is liable for the torts committed by their employees during the course and scope of their employment. At the time of the incident, Defendant and/or their employees were the agents, ostensible agents, servants, and employees of Defendant and were acting within the scope of their authority as such agents, ostensible agents, servants, and employees. Defendant's employees were negligent and/or grossly negligent more thoroughly described above was a proximate cause of Plaintiffs' injuries and damages. Therefore, Defendant should be held jointly and severally liable for tortious actions of Defendant's agents, ostensible agents, servants, and/or employees under the doctrine of *respondeat superior.*

## X.

## Gross Negligence as to All Defendants

Defendant's acts and/or omissions described hereinabove, when viewed from the standpoint of Defendant at the time of the above-described acts and/or omissions, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant had actual, subjective awareness of the risks involved to Plaintiff and others similarly situated as a proximate result of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of Plaintiff and others.  Therefore, based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

## XI.

## Damages

Plaintiff's Original Petition

All the above actions or omissions were a proximate and or producing cause of Plaintiff's injuries and damages. Plaintiff seeks damages from Defendant including, but not limited to the following:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries proximately resulting from the incident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in the counties in which the services were rendered Texas.

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

3. Physical pain and suffering in the past and physical pain and suffering in the future.

4. Loss of earnings in the past and loss of earning capacity which will, in all probability, be incurred in the future.

5. Physical impairment in the past and physical impairment in the future.

6. Physical disfigurement in the past and physical disfigurement in the future.

7. Mental anguish in the past and mental anguish in the future.

## XII.

## Demand for Trial by Jury

Plaintiff demands a jury trial on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief, both general and special, and at law and in equity, to which Plaintiff may be entitled.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT

Page **6** of **7**

By: /s/ David K. Mestemaker
David K. Mestemaker
State Bar No. 13974600
dkm@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

By: /s/ Norman Straub
Norman Straub
State Bar No. 00793002
nstraub@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

By: /s/ Jonathan B. Zumwalt
Jonathan B. Zumwalt
State Bar No. 24053570
jbz@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel: (713) 626-8900/Fax: (713) 626-8910

ATTORNEYS FOR PLAINTIFF

## Designated E-Service Email Address

**The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a).  (Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.**

Plaintiff's Original Petition

Case 4:22-cv-02589   Document 1-1   Filed on 08/03/22 in TXSD   Page 11 of 32

3/16/2022 8:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62685148
By: Brenda Espinoza
Filed: 3/16/2022 8:09 PM

CAUSE NO. 2022-14080

| | | |
|---|---|---|
| LUZ MORALES, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC, FAMILY DOLLAR, INC., | § | |
| AND DOLLAR TREE, INC., | § | |
| | § | 80TH JUDICIAL DISTRICT COURT |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **LUZ MORALES,** ("Plaintiff" "**MORALES**") and files this first amended petition against Defendants, **FAMILY DOLLAR STORES OF TEXAS, LLC,** ("Defendant", "**FAMILY DOLLAR**") **FAMILY DOLLAR, INC.,** ("Defendant", "**FAMILY DOLLAR 2**") and **DOLLAR TREE,** ("Defendant", "**DOLLAR TREE**") and would show the Court the following:

### I.
### Discovery Control Plan Level

Plaintiff intends that discovery be conducted under Discovery Level III and requests the Court enter a discovery control order.

### II.
### Parties and Service

1. **Plaintiff:**

Plaintiff, **MORALES**, is a resident of Harris County, Texas.

2. **Defendants:**

Plaintiff's First Amended Petition

1.  Defendant, **FAMILY DOLLAR,** is a foreign corporation with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant **FAMILY DOLLAR** registered agent for service of process through which **FAMILY DOLLAR** may be served is *CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever Defendant's agent may be found.*

2. Defendant, **FAMILY DOLLAR 2,** is a foreign corporation with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant **FAMILY DOLLAR 2** registered agent for service of process through which **FAMILY DOLLAR 2** may be served is *211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant's agent may be found.*

3. Defendant, **DOLLAR TREE,** is a foreign corporation with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant **DOLLAR TREE** registered agent for service of process through which **DOLLAR TREE** may be served is *211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant's agent may be found.*

## III.

## Jurisdiction and Venue

The subject matter in controversy is within the jurisdictional limits of this Court.

Venue in Harris County is proper in this cause under §15.002(a)(l) of the Tex. Civ. Prac. Rem. Code because all or a substantial part of the events or omissions, including the incident in question giving rise to this lawsuit, occurred in Harris County, Texas.

## IV.

## Request for Substitution of True Name Pursuant to Rule 28

Plaintiff's First Amended Petition

To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Tex.R.Civ.P., and Plaintiff hereby demands upon answering this suit, that Defendants answer in their correct legal and assumed names.

## V.
## Texas Rules of Civil Procedure, Rule 47

Plaintiff seeks monetary remedies of $74,999 or the just and reasonable amount awarded by a jury.

## VI.
## Texas Rules of Civil Procedure, Rule 193.7

Pursuant to Rule 193.7 of the Tex.R.Civ.P., Plaintiff gives notice to Defendants and other Parties that all documents produced by Defendants will be used at any pretrial proceeding or at the trial of this case.

## VII.
## Facts and Allegations

On or about **March 16th, 2020**, Plaintiff, **MORALES** was an invitee on the premises owned, operated, managed, occupied, or otherwise under the control of Defendants **FAMILY DOLLAR, FAMILY DOLLAR 2,** and/or **DOLLAR TREE.** Specifically, Defendants owned, operated, managed, occupied, or controlled the Family Dollar store located at 12671 Bissonnet St., Houston Texas 77099.

At all times relevant to Plaintiff's claims and causes of action herein, Defendants, was the owner, manager, general partner, corporation, partnership, lessee, occupier, possessor, franchisee, or otherwise the entity or person in possession, control, contractual, or de facto, of the subject premises.   At the time of the incident made the

Plaintiff's First Amended Petition

basis of this lawsuit, Plaintiff was an invitee on Defendants premises. As a proximate result of the negligence of Defendants, both under the legal theories of premises liability and/or negligence, Plaintiff was injured and suffered damages as more specifically stated herein.

## VIII.

## Causes of Action

Plaintiff incorporates and adopts by reference the factual allegations above for all causes of actions and claims for damages set forth in this petition.

Whenever it is alleged herein that Defendants committed acts or omissions, it includes the acts and/or omissions of the agents, servants, sub-contractors, contractors, and/or employees supervised, controlled, or directed by Defendant.

- **Premises Liability**

On the day of March 16th, 2020, or there about, Plaintiff **MORALES** was a customer at Defendants **FAMILY DOLLAR, FAMILY DOLLAR 2,** and/or **DOLLAR TREE** store located at 12671 Bissonnet St., Houston Texas 77099. More specifically, Plaintiff was shopping at Defendants store. While shopping at the store, Plaintiff slipped and fell on a slippery substance on Defendants floor. Defendants knew of the substance on Defendants floor but failed to properly warn and/or prevent Plaintiff's injuries. As a result of the substance on the floor, Plaintiff suffered severe injuries when she slipped and fell.

Defendants were aware and on notice of the existence and location of the dangerous substance in Defendants' store, which constituted a hazardous condition or dangerous condition to Plaintiff and other invitees or customers, or which Defendants created or of which Defendants were aware for a sufficient period of time to have

Plaintiff's First Amended Petition

eliminated it, warned of it, or placed barricades around the area, but failed to do so or take any other actions to protect the public or Plaintiff.  Plaintiff, an invitee, slipped and fell on the substance as a proximate or producing result of the above omissions or actions of Defendants and suffered the complained of injuries and damages.

- **Negligence**

Defendants had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting the property for any dangerous conditions and by making safe any latent defects. Defendants breached this duty by failing to keep the area safe for invitees like Plaintiff and others.  Further, Defendants failed to provide sufficient warning of a hazardous or otherwise dangerous condition when Defendants were aware of such a condition. As a proximate result of Defendants breaches and negligence, Plaintiff suffered damages.

## IX.

## Negligence of Defendants Under the Doctrine of *Respondeat Superior*

Defendants are liable for the torts committed by their employees during the course and scope of their employment. At the time of the incident, Defendants and/or their employees were the agents, ostensible agents, servants, and employees of Defendants and were acting within the scope of their authority as such agents, ostensible agents, servants, and employees. Defendants employees were negligent and/or grossly negligent more thoroughly described above was a proximate cause of Plaintiffs' injuries and damages. Therefore, Defendants should be held jointly and severally liable for tortious

Plaintiff's First Amended Petition

actions of Defendants agents, ostensible agents, servants, and/or employees under the doctrine of *respondeat superior.*

## X.

## Gross Negligence as to All Defendants

Defendants acts and/or omissions described hereinabove, when viewed from the standpoint of Defendants at the time of the above-described acts and/or omissions, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risks involved to Plaintiff and others similarly situated as a proximate result of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of Plaintiff and others.  Therefore, based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## XI.

## Damages

All the above actions or omissions were a proximate and or producing cause of Plaintiff's injuries and damages. Plaintiff seeks damages from Defendants including, but not limited to the following:

1.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries proximately resulting from the incident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in the counties in which the services were rendered Texas.

2.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

3.  Physical pain and suffering in the past and physical pain and suffering in the future.

4.  Loss of earnings in the past and loss of earning capacity which will, in all probability, be incurred in the future.

5.  Physical impairment in the past and physical impairment in the future.

6.  Physical disfigurement in the past and physical disfigurement in the future.

7.  Mental anguish in the past and mental anguish in the future.

## XII.

## Demand for Trial by Jury

Plaintiff demands a jury trial on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief, both general and special, and at law and in equity, to which Plaintiff may be entitled.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT
By: */s/ David K. Mestemaker*
David K. Mestemaker
State Bar No. 13974600
dkm@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

By: */s/ Norman Straub*
Norman Straub
State Bar No. 00793002
nstraub@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

Page **7** of **8**

Plaintiff's First Amended Petition

By: */s/ Jonathan B. Zumwalt*
Jonathan B. Zumwalt
State Bar No. 24053570
jbz@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel: (713) 626-8900/Fax: (713) 626-8910

ATTORNEYS FOR PLAINTIFF

## Designated E-Service Email Address

**The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a).  (Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.**

Plaintiff's First Amended Petition

8/1/2022 4:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66855396
By: Iliana Perez
Filed: 8/1/2022 4:08 PM

CAUSE NO. 2022-14080

| | | |
|---|---|---|
| LUZ MORALES, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 80TH JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, FAMILY DOLLAR, INC., and | § | |
| DOLLAR TREE, INC. | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

**DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC
ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**

Defendant, Family Dollar Stores of Texas, LLC hereby files its Original Answer to Plaintiff's First Amended Petition as follows:

**I.
GENERAL DENIAL**

1.     Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

**II.
INFERENTIAL REBUTTALS**

2.     Notwithstanding the foregoing, Defendant asserts the following by way of inferential rebuttal and request that the Court instruct the jury as follows:

   a.   ***New and Independent Cause / Superseding Intervening Cause***.  The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of Defendant and the injuries complained of thus

becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

b. ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff or a third party was the sole cause of the damages she alleges in the Petition and therefore, Defendant is not liable to the Plaintiff.

## III.
## SPECIAL EXCEPTION

3.      Defendant specially excepts to the Plaintiff's Amended Petition because Plaintiff fails to properly plead the damages she seeks in this case. Pursuant to Texas Rule of Civil Procedure 47(c) (the "Rule"), Plaintiff must plead one of the five specified statements in the Rule assigning the only available ranges of monetary damages permitted and Plaintiff has failed to do so.  A party that fails to comply with Rule 47(c) may not conduct discovery until the party's pleading is amended to comply.

## IV.
## AFFIRMATIVE DEFENSES

4.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that it is not liable to Plaintiff because Plaintiff's personal injury claim under the theory of premises liability is barred by the two year statute of limitations in Texas Civil Practice & Remedies Code § 16.003. Plaintiff's claim accrued on March 16, 2020, when she allegedly sustained personal injuries made the basis of this lawsuit. Plaintiff initially filed suit against Defendant on March 8, 2022, then amended her petition on March 16th joining Family Dollar, Inc. Dollar Tree, Inc. as Defendants.

Morales / Defendant Family Dollar Stores of Texas, LLC, et al.
Original Answer to Plaintiff's First Amended Petition                                   **2 |** P A G E
Doc#8242995 (58000.00621)

However, to date Plaintiff has failed to serve any of the Defendants well after the statute of limitations has expired.

5.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid and mitigate the claimed damages.

6.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

7.      Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

8.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by

or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

9.      Pleading further, alternatively, and by way of affirmative defense, Defendant hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages. Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from Defendant.

10.      Pleading further, alternatively, and by way of affirmative defense, Defendant hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

11.      Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent incidents, events, or occurrences.  Defendant further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendant.

12.      By way of affirmative defense, Plaintiff's claims for lost wages and/or loss of earning capacity are barred, limited, restricted, and/or governed by the provisions of

the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

**PRAYER**

Defendant, Family Dollar Stores of Texas, LLC, prays that Plaintiff take nothing by her lawsuit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant is justly entitled.

Respectfully Submitted,

**MAYER LLP**

2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / Fax 713.487.2019

By: _____ *Raul I. Saenz* _____
     Kevin P. Riley
     State Bar No. 16929100
     E-Mail: kriley@mayerllp.com
     Raul I. Saenz
     State Bar No. 24093092
     E-Mail: rsaenz@mayerllp.com
    **ATTORNEYS FOR DEFENDANT**
    **FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of August 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

David K. Mestemaker
Norman Straub
Jonathan Zumwalt
MESTEMAKER & STRAUB
3100 Timmons Lane, Suite 455
Houston, Texas 77027
contact@mandsattorneys.com

☒E-MAIL/E-SERVICE
☐ECM
☐HAND DELIVERY
☐FACSIMILE
☐OVERNIGHT MAIL
☐REGULAR, FIRST CLASS MAIL
☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED

**ATTORNEYS FOR PLAINTIFF**

*Raul I. Saenz*
Raul I. Saenz

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kim Eliff on behalf of Raul Saenz
Bar No. 24093092
keliff@mayerllp.com
Envelope ID: 66855396
Status as of 8/1/2022 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan B. Zumwalt | | jbz@mandsattorneys.com | 8/1/2022 4:08:49 PM | SENT |
| Norman Straub | | nstraub@mandsattorneys.com | 8/1/2022 4:08:49 PM | SENT |
| David K.Mestemaker | | contact@mandsattorneys.com | 8/1/2022 4:08:49 PM | SENT |
| Chrysa Williams | | CWilliams@mayerllp.com | 8/1/2022 4:08:49 PM | SENT |
| Raul Saenz | | rsaenz@mayerllp.com | 8/1/2022 4:08:49 PM | SENT |
| Kevin Riley | | kriley@mayerllp.com | 8/1/2022 4:08:49 PM | SENT |
| Kim Eliff | | keliff@mayerllp.com | 8/1/2022 4:08:49 PM | SENT |

CAUSE NO. 2022-14080

| | | |
|---|---|---|
| LUZ MORALES, | § | IN THE DISTRICT COURT |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | 80TH JUDICIAL DISTRICT |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, FAMILY DOLLAR, INC., and | § | |
| DOLLAR TREE, INC. | § | |
|    *Defendants.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## JURY DEMAND

Defendant, Family Dollar Stores of Texas, LLC, pursuant to the provisions of Rule

216 of the Texas Rules of Civil Procedure, hereby formally makes this demand for a Jury

Trial in the above-referenced cause.

Respectfully Submitted,

**MAYER LLP**

2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / Fax 713.487.2019

By:   *Raul I. Saenz*

    Kevin P. Riley
    State Bar No. 16929100
    E-Mail: kriley@mayerllp.com
    Raul I. Saenz
    State Bar No. 24093092
    E-Mail: rsaenz@mayerllp.com

Morales / Defendant Family Dollar Stores of Texas, LLC, et al.
Jury Demand
Doc# 8242983v1 (58000.00621)

**1** | P A G E

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of August 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| David K. Mestemaker | ☒ E-MAIL/E-SERVICE |
| Norman Straub | ☐ ECM |
| Jonathan Zumwalt | ☐ HAND DELIVERY |
| MESTEMAKER & STRAUB | ☐ FACSIMILE |
| 3100 Timmons Lane, Suite 455 | ☐ OVERNIGHT MAIL |
| Houston, Texas 77027 | ☐ REGULAR, FIRST CLASS MAIL |
| contact@mandsattorneys.com | ☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

**ATTORNEYS FOR PLAINTIFF**

*Raul I. Saenz*
Raul I. Saenz

# EXHIBIT 2

*(State Court Docket Sheet)*

Harris County Docket Sheet

# 2022-14080

**COURT:**     080th
**FILED DATE:**  3/8/2022
**CASE TYPE:**   Premises



---

**MORALES, LUZ**

Attorney: MESTEMAKER, DAVID KENT

**vs.**

**FAMILY DOLLAR STORES OF TEXAS LLC**

Attorney: SAENZ, RAUL IVAN

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 3

*(List of Counsel of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUZ MORALES | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC, FAMILY DOLLAR INC., | § | |
| and DOLLAR TREE, INC. | § | |
| *Defendants.* | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)      A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

> *Plaintiff*      Luz Morales
>
> *Defendant*      Family Dollar Stores of Texas, LLC
>
> *Defendant*      Family Dollar, Inc.
>
> *Defendant*      Dollar Tree, Inc.
>
> The removed case is currently pending.

(2)      A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "A."*

(3)      A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| **MESTEMAKER, STRAUB & ZUMWALT** | **MAYER LLP** |
|---|---|
| David K. Mestemaker<br>State Bar No. 13974600<br>E-Mail: dkm@mandsattorneys.com<br>Norman Straub<br>State Bar No. 00793002<br>Email: nstraub@mandsattorneys.com<br>Jonathon B. Zumwalt<br>State Bar No. 24053570<br>Email: jbz@mandsattorneys.com<br><br>3100 Timmons Lane, Suite 455<br>Houston, Texas 77027<br>713.626.8900 / F: 713.626.8910<br><br>*Counsel for Plaintiff*<br>*Luz Morales* | Kevin P.. Riley<br>State Bar No. 16929100<br>E-Mail: kriley@mayerllp.com<br>Raul I. Saenz<br>State Bar No. 24093092<br>Email: rsaenz@mayerllp.com<br><br>2900 North Loop West, Suite 500<br>Houston, Texas 77092<br>713.487.2000 / Fax 713.487.2019<br><br>*Counsel for Defendant*<br>*Family Dollar Stores of Texas, LLC* |

(4)      A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Plaintiff, Luz Morales has requested a trial by jury;

Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)      The name and address of the court from which the case is being removed.

80th Harris County District Court
201 Caroline Street, 9th Floor
Houston, Texas 77002